After Recording Return To:
**CoreLogic SolEx**
**1637 NW 136th Avenue Suite G-100**
**Sunrise, FL 33323**

This Document Prepared By:
**NATIONSTAR MORTGAGE LLC**
**350 HIGHLAND DRIVE**
**LEWISVILLE, TX 75067**
**Tatiana Vakidis**

Parcel ID Number: **759704626100000**

Current UPB: **$78,135.26**
Certified Existing Debt: **$69,224.00**
New Money: **$0.00**

_____ [Space Above This Line For Recording Data]
Original Recording Date: **May 17, 2004**
Original Loan Amount: **$89,294.00**
Current UPB: **$78,135.26**
Certified Existing Debt: **$69,224.00**
New Money: **$0.00**

# LOAN MODIFICATION AGREEMENT

**Modification of Trust**

**THIS LOAN MODIFICATION IS EXEMPT FROM THE TAXES IMPOSED BY VIRGINIA CODE §58.1 –**

**803 PURSUANT TO VIRGINIA CODE §58.1-809.**

This Loan Modification Agreement ("Agreement"), made this 12th day of May, 2014, between **LUIS LINARES** whose address is **8168 CLOVERTREE CT, NORTH CHESTERFIELD, VA 23235** ("Borrower") and **NATIONSTAR MORTGAGE LLC** which is organized and existing under the laws of **The United States of America**, and whose address is **350 HIGHLAND DRIVE, LEWISVILLE, TX 75067** ("Lender"), and **PRLAP, INC.** (as "Trustee") who has an address of 600 EAST MAIN STREET, RICHMOND, VA 23219 amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **May 14, 2004** and recorded in **Book/Liber 5746**, Page **882**, Instrument No:

**033369**, of the **Official Records (Name of Records) of CHESTERFIELD County, VA (County and State, or other Jurisdiction)** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**8168 CLOVERTREE CT, RICHMOND, VA 23235,**

(Property Address)

the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **June 1, 2014**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$69,224.00**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.625%**, from **June 1, 2014**. Borrower promises to make monthly payments of principal and interest of U.S. **$355.91**, beginning on the **1st** day of **July, 2014**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **June 1, 2044** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in

paragraph No. 1 above:

(a)     all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b)     all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.  If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6.  Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7.  Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

KHAULA N. KARAM
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES FEB. 28, 2015
COMMISSION # 7150884

_____ (Seal)

~~LUIS LINARES~~  -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Virginia

County of ___Chesterfield___

The foregoing instrument was acknowledged before me, a Notary Public on

___Khaula Karam___ by

**LUIS LINARES**.

___Khaula Karam___
(Signature of person taking acknowledgment)

___Notary Public___
(Title or rank)

___7150 884___
(Serial number, if any)

My commission expires the __28__ day of __February__, __2015__





*(page 4 of 5)*

**NATIONSTAR MORTGAGE LLC**

By: _____(Seal) - Lender

Name: _____Krista Marie Moore_____

Title: ~~Assistant  Secretary~~

6-27-14

Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

State of __TX_____

County of _Dallas_____

The foregoing instrument was acknowledged before me on ___6-27-14__

by ____Krista Marie Moore_____, the ___Assistant  Secretary_____ of

_____Nationstar Mortgage LLC_____

_____

(Signature of person taking acknowledgment)

            Notary Public

(Title or rank)

128758886-4

(Serial number, If any)

My commission expires the ___9___day of ___10_____, _17_



ERIC TODD RITTMUELLER
Notary Public, State of Texas
My Commission Expires
October 09, 2017

